IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBERT WALTERS | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:19-cv-40 |
| FORD MOTOR COMPANY | § § § | |
| Defendants. | § § § | |

### DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

1. Defendant Ford Motor Company ("Ford") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a), removing this civil action to the United States District Court for the Northern District of Texas, Abilene Division.

2. An index of all documents cited in this Notice of Removal, all documents filed in the state court action, and the other documents required under Local Rule 81.1 is attached as Exhibit A. A true and correct copy of each document listed in the index is attached to the index as Exhibit 1-Exhibit 17.

### I.   SUMMARY OF GROUNDS FOR REMOVAL

3. Ford removes this case pursuant to the bad faith exception to the one-year deadline to remove based on diversity in 28 U.S.C. § 1446(c)(1). Plaintiff Robert Walters ("Plaintiff") sued Patterson Toyota of Longview ("Patterson Toyota"), the non-diverse defendant, solely for the purpose of defeating diversity jurisdiction.

4. For more than a year after filing suit, Plaintiff completely failed to pursue his claims against Patterson Toyota. In fact, Plaintiff never even served Patterson Toyota with

citation. Then, twelve days after the one-year removal deadline expired, Plaintiff dropped his claims against Patterson Toyota.

5. Plaintiff's conduct is textbook forum manipulation. During more than a year of litigation, Plaintiff never served discovery on Patterson Toyota, never deposed anyone from Patterson Toyota, never addressed his claims against Patterson Toyota in any depositions, and never even bothered actually serving his Petition on Patterson Toyota. Meanwhile, Plaintiff was diligently pursuing his claims against Ford.

6. There is simply no reasonable explanation for Plaintiff's conduct – aside from preventing removal in bad faith. Accordingly, the bad faith exception to the one-year removal deadline applies and Ford's removal is proper under 28 U.S.C. § 1446(c)(1).

## II.   BACKGROUND FACTS

7. Plaintiff filed his Original Petition ("Petition") in the 90th Judicial District Court of Stephens County, Texas on February 14, 2018, asserting claims against both Ford and Patterson Toyota. (*See* Ex. 15, Docket Book Report).

8. Plaintiff served Ford with his Petition on February 20, 2018. (*See* Ex. 3, Affidavit of Service on Ford Motor Company).

9. Plaintiff never served Patterson Toyota with the Petition. (*See* Ex. 15, Docket Book Report).

10. Initially, the case was not removable because Plaintiff alleged non-frivolous claims against Patterson Toyota, a non-diverse defendant.

11. Plaintiff served written discovery and deposed witnesses in support of his claims against Ford.

12. Plaintiff pursued no discovery related to Patterson Toyota.

13. On February 26, 2019, Plaintiff filed his First Amended Petition ("Amended Petition"), twelve days after the one-year deadline expired. (*See* Ex. 14, Plaintiff's First Amended Petition, p. 16). In his Amended Petition, Plaintiff removed Patterson Toyota as a defendant, leaving Ford as the sole defendant and creating complete diversity. (*See* Ex. 14, Plaintiff's First Amended Petition, p. 1).

### III.   GROUNDS FOR REMOVAL

#### A. The Court Has Subject Matter Jurisdiction

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and the amount-in-controversy requirement is satisfied.

15. Plaintiff Robert Walters ("Plaintiff") is a Texas citizen for diversity purposes because he is an individual who is a resident of Stephens County, Texas. (*See* Ex. 1, Plaintiff's Original Petition, ¶ 2).

16. Defendant Ford Motor Company ("Ford"), is a citizen of Delaware and Michigan for diversity purposes because it is a Delaware corporation with its principal place of business in Dearborn, Michigan.

17. The amount in controversy in this case exceeds $75,000, exclusive of interests and costs. Plaintiff seeks damages for the entire value of his home and all of its contents, along with punitive damages, fees, and treble damages under the Texas Deceptive Trade Practices Act. (*See* Ex. 14, Plaintiff's First Amended Petition, ¶ 7, ¶ 75, p. 15 "Prayer"). These claims establish by a preponderance of the evidence that the amount in controversy is more than $75,000.[1]

---

[1] In addition, on July 19, 2018, Plaintiff sent Ford a settlement demand in excess of $75,000. If necessary, Ford will provide this demand to the Court as evidence.

18. The United States District Court for the Northern District of Texas, Abilene Division, is the proper venue for this action under 28 U.S.C. § 1441(a) because it presides over Stephens County, Texas, where the state court action was pending.

19. The case became removable on February 26, 2019 when Plaintiff filed his Amended Petition removing the only non-diverse defendant. As required by 28 U.S.C. § 1446(b), Ford filed this Notice of Removal within thirty days after Plaintiff served Ford with his Amended Petition.

## B. **Ford's Removal Is Proper**

20. The one-year removal deadline in 28 U.S.C. § 1446(c)(1) does not bar Ford's removal because Plaintiff acted in bad faith to prevent Ford from removing before the deadline.

21. There is no reasonable, good faith explanation for Plaintiff's conduct. Plaintiff never served Patterson Toyota with the Petition, made no effort to pursue his claims against Patterson Toyota, and then he dropped his claims against Patterson Toyota just twelve days after the one-year removal deadline passed.

### i. The Bad Faith Exception to the One Year Removal Deadline

22. A defendant may remove a case on diversity grounds after the one-year removal deadline has passed if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action". 28 U.S.C. § 1446(c)(1).[2]

---

[2] Indeed, this Court and the Fifth Circuit were at the forefront of combatting this type of forum manipulation even before Congress enacted the statutory exception. In *Tedford v. Warner-Lambert Co.*, the Fifth Circuit affirmed this Court's ruling and recognized an equitable exception to the one-year deadline "where plaintiff has attempted to manipulate the statutory rules for determining federal jurisdiction, thereby preventing the defendant from exercising its rights." 327 F.3d 423, 428-9 (5th Cir. 2003). The *Tedford* court foresaw exactly the type of gamesmanship that Plaintiff engaged in here, observing that "strict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction." *Id*. at 427. Ultimately, Congress agreed with this Court and the Fifth Circuit and amended 28 U.S.C. § 1446(c) to include a bad faith exception.

23. The Northern District of Texas has interpreted the statutory bad faith exception under circumstances similar to the present case on two occasions. Both times, the courts found that the plaintiff engaged in bad faith forum manipulation.

24. In *Hoyt v. Lane Construction Corp.*, No. 4:17-CV-780-A, 2017 WL 4481168 (N.D. Tex. Oct. 5, 2017), the court found statutory bad faith forum manipulation where the plaintiff brought non-frivolous claims against a non-diverse defendant, then nonsuited the non-diverse defendant two days after the one-year deadline. *Id.* at *2. In that case, the plaintiff properly served the non-diverse plaintiff and pursued his claims. Then, the plaintiff discovered months before the deadline that the evidence would not support his claim against the non-diverse defendant, but delayed filing the nonsuit until after one year had passed. *Id.* The Court found that, although the suit may have been filed initially in good faith, the plaintiff had no reasonable explanation for delaying the nonsuit other than trying to prevent removal to federal court. *Id.*

25. Likewise, in *Lawson v. Parker Hannifin Corp.*, No. 4:13-CV-923-O, 2014 WL 1158880 (N.D. Tex. March 20, 2014) the court found statutory bad faith where the plaintiff asserted viable claims against a non-diverse defendant, but then: (1) served the non-diverse defendant seven months after filing suit; (2) did not move for default judgment after the non-diverse defendant failed to answer; (3) never sought discovery against the non-diverse defendant; (4) nonsuited the non-diverse defendant three months after the one-year deadline and five weeks before trial; and (5) received no consideration in exchange for the non-suit. *Id.* at *4-7.

  **ii. Plaintiff Prevented Removal in Bad Faith**

26. Plaintiff's conduct in this case is even more indicative of bad faith than the conduct described in *Lawson* and *Hoyt*. The plaintiffs in *Lawson* and *Hoyt* at least served the non-diverse defendant with citation. *Lawson*, 2014 WL 1158880 at *5; *See Hoyt*, 2017 WL

4481168 at *2.  Here, Plaintiff never got that far.  (*See* Ex. 15, Docket Book Report).   Instead, he made a short-lived, unsuccessful effort to complete personal service on Patterson Toyota's registered agent during the first month after filing.[3]  (*See* Ex. 5, Declaration of Not Found).[4] Plaintiff's process server's last attempt to serve Patterson Toyota was on March 19, 2018, eleven months before the one-year deadline.  (*See* Ex. 5, Declaration of Not Found).  In those eleven months, Plaintiffs did not complete service by certified mail or through the Secretary of State, and never requested authorization to serve by publication or other substituted service method.[5]

27. Plaintiff also undertook no discovery related to Patterson Toyota, directly or indirectly, despite taking multiple depositions and serving numerous written discovery requests related to its claims against Ford.  Instead, Plaintiff simply filed a lawsuit against Patterson Toyota and then waited 377 days for the one-year deadline to pass before dropping Patterson Toyota from his case.[6]

28. There is no good faith explanation for Plaintiff's sudden decision to remove Patterson Toyota from the case just twelve days after the one-year deadline passed.  There has been no action or event in the case that would justify Plaintiff's sudden decision to drop Patterson Toyota.  The case is not measurably different in any way relevant to Patterson Toyota than it was weeks or months before the deadline.  The only change is that the one-year removal deadline expired.

---

[3] The process server made four attempts to serve Patterson Toyota's agent at his address of record, and left one voicemail for Patterson Toyota's General Manager.  (*See* Ex. 5, Declaration of Not Found).
[4] Ford had no notice of this Declaration.  The process server did not copy Ford on this filing.
[5] On June 25, 2018, Ford requested information regarding Plaintiff's efforts to serve Patterson Toyota in written discovery.  Plaintiff did not disclose his unsuccessful effort to serve Patterson Toyota. (See Ex. 6, Robert Walters' Objections and Responses to Ford Motor Company's First Set of Interrogatories, Interrogatory No. 16).  Rather, Plaintiff responded (subject to an objection to relevance) that "Plaintiff will supplement," indicating that his efforts to serve Patterson Toyota were ongoing.  Plaintiff has not supplemented this Response.
[6] There is no evidence that Plaintiff received consideration in exchange for removing Patterson Toyota from the suit.

## IV. CONCLUSION AND PRAYER

Plaintiff manipulated the statutory rules for determining federal removal jurisdiction. Plaintiff's failure to complete service on Patterson Toyota demonstrates that he never intended to pursue his claims against Patterson Toyota. Instead, Plaintiff sued Patterson Toyota for 377 days simply to avoid federal court. As the Fifth Circuit observed in *Tedford*, this kind of conduct undermines the very purpose of diversity jurisdiction. In light of Plaintiff's bad-faith conduct, Ford's removal is proper under 28 U.S.C. § 1446(c)(1).

For these reasons, Defendant Ford Motor Company requests that the above-entitled action be removed from the 90th Judicial District of Stephens County, Texas to the United States District Court for the Northern District of Texas, Abilene Division.

Respectfully submitted,

*/s/ Adolfo R. Rodriguez, Jr.*
Adolfo R. Rodriguez, Jr.
State Bar No. 24007934
Email: jr@therodriguezfirm.com
Wilson C. Aurbach
State Bar No. 24036160
Email: waurbach@therodriguezfirm.com
Kimberly J. Kelly
State Bar No. 24097927
Email: kkelly@therodriguezfirm.com
**RODRIGUEZ LAW FIRM, P.C.**
1700 Pacific Avenue, Suite 3850
Dallas, Texas 75201
Telephone: (214) 220-2929
Facsimile: (214) 220-2920

**ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record on this the **25th** day of **March, 2019**.

>   */s/ Adolfo R. Rodriguez, Jr.*
>   Adolfo R. Rodriguez, Jr.


*Via ECF: bleger@lkclawfirm.com*
*and kmarks@lkclawfirm.com*
Bradley L. Leger
Kassi Dee Patrick Marks
**LEGER KETCHUM & COHOON, PLLC**
10077 Grogan's Mill Road, Suite 325
The Woodlands, Texas 77380

**ATTORNEYS FOR PLAINTIFF**